THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Melvin Rhodes, Appellant.
 
 
 

Appeal From Aiken County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2007-UP-059
Submitted January 1, 2007  Filed February 8, 2007   

AFFIRMED

 
 
 
Aileen P. Clare, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken; for Respondent.
 
 
 

PER CURIAM: Melvin Rhodes appeals from his conviction of shoplifting, third or greater offense.  He argues the trial judge erred in failing to order a mental evaluation to determine whether Rhodes was competent to stand trial.  We affirm.[1]
FACTS
On February 5, 2005, a customer at the Dollar General Store in North Augusta observed Rhodes leave the store with merchandise in his pants.  The customer, who happened to be an off-duty police officer, followed Rhodes out of the store, and spoke with Rhodes about the merchandise.   The police were called, and Rhodes was arrested for shoplifting.  Upon searching Rhodes, officers found seven packs of mens boxer shorts, two packs of mens T-shirts, and a set of sheets.  
The day before trial, Rhodes requested a mental evaluation to determine his capacity to stand trial.  Rhodes claimed he suffered from schizophrenia and depression, for which he took medication.  The trial judge engaged in a colloquy with Rhodes.  During this conversation, Rhodes admitted that he had been in court before, that he had been evaluated before, and that he spoke with his attorney about his mental condition.  Rhodes was also able to answer the trial judges questions regarding his age, the medications he was taking, and the length of time he had been in jail.  After engaging in this conversation with Rhodes, the trial judge denied Rhodes request for a mental evaluation. 
Rhodes was convicted of shoplifting, third or greater offense.  He was sentenced to ten years imprisonment.  This appeal followed.
LAW/ANALYSIS
Rhodes argues the trial judge erred in failing to order a mental evaluation to determine whether Rhodes was competent to stand trial.  We disagree.
Pursuant to section 44-23-410 of the South Carolina Code (2002), a trial judge must order a mental evaluation when the judge has reason to believe that the defendant is not mentally competent to stand trial.  Thus, the decision to order a mental evaluation is left to the sound discretion of the trial judge, who was able to observe the defendant and evaluate the facts presented on the question of competency.
 State v. White, 364 S.C. 143, 147, 611 S.E.2d 927, 929 (Ct. App. 2005).  Because the determination is left to the trial judges discretion, it will not be overturned absent a clear showing of abuse of discretion. 
Id.
The established test in South Carolina for determining a defendants competency to stand trial is whether the defendant has the present ability to consult with his attorney with a reasonable degree of rational understanding.  Sims v. State, 313 S.C. 420, 422, 438 S.E.2d 253, 254 (1993).  Here, the trial judge engaged Rhodes in a conversation, and during that conversation, Rhodes demonstrated his ability to understand and respond to questions.  Rhodes also admitted to speaking with his attorney about his mental health problems and his case in general, thereby demonstrating his ability to consult with his attorney.  Accordingly, we find the trial judge did not abuse his discretion by refusing to order a mental evaluation.
CONCLUSION
Based on the foregoing, Rhodes conviction for shoplifting, third or greater offense, is
 AFFIRMED. 
 HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215(a), SCACR.